No. 76.—GEORGE W. CRAWFORD, Governor, for the use of GEO.
W. TARPLEY, administrator of THOMAS M. TARPLEY, plaintiff
in error, *vs.* WYATT MEREDITH and WILLIAM F. BOND, survi-
vors, &c. defendants.

[1.] A Sheriff's bond, taken and approved by only *two* of the Justices of the
Inferior Court, is not good and valid as a *statutory* bond, according to the
provisions of the Statutes of this State.

Debt on bond, in Wilkinson Superior Court.    Tried before
Judge MERRIWETHER, April Term, 1849.

This was a suit on the official bond of William Cooper, former

Crawford, &c. *vs.* Meredith and Bond.

Sheriff of Wilkinson County.   When the bond was offered in evidence on the trial, it appeared to have been "sealed and delivered in presence of Samuel Beall, J. I. C. William Fisher, J. I. C."

It was objected to by defendant's counsel upon the ground, that if relied on as the official bond of William Cooper, it did not, upon the face of it, show that it had been taken by a majority of the Justices of the Inferior Court, as the law directs; and that as it was attested by two Justices only, the presumption was that it had not been received and approved by a majority of the Justices, as pointed out by law.

The Court sustained the objection and rejected the evidence; which decision is alleged to be erroneous.

Cochran & Cone, for plaintiff in error, cited—

3 *Kelly*, 507.   5 *Ga. Rep.* 570.   1 *Peters' Reps.* 318.   *Prince's Digest*, 430.

I. L. Harris, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The only question made for the decision of the Court below, as appears from the record, was whether the Sheriff's bond offered in evidence, was a good and valid *statutory* bond.   The Court ruled it was not a good and valid statutory bond, and, we think, properly so ruled, for the reason, it appears, on the face of the bond, to have been taken and approved by only *two Justices* of the Inferior Court, whereas, by the 46th section of the Judiciary Act of 1799, Sheriff's bonds are required to be *approved* by the Justices of the Inferior Court, or any *three of them.   Prince,* 430.   By the declaratory Act of 1803, it is enacted, "that every Judge of the Superior, or a *majority* of the Justices of the Inferior Courts of the respective Counties throughout this State, is and are, and, by intendment of law, ought to have been taken, held, deemed and considered as competent in law to *take* the bonds or obligations of Sheriffs, and to qualify them as by law directed."   *Prince*, 176, '7.

This bond having been taken and approved by only *two* of the

Justices of the Inferior Court, when the Statute requires it should have been *approved* by at least *three* of them, cannot be said to be a good *statutory* bond. Whether this bond is good as a *voluntary* bond, and binding as such on the parties to it, does not appear to have been raised or decided by the Court.

Let the judgment of the Court below be affirmed.